CHRISTINA A. JUMP (D.C. ID No. TX151)
    cjump@clcma.org
CHELSEA G. GLOVER (D.C. ID No. TX0065)
    cglover@clcma.org
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HALIL DEMIR**, an individual residing at 12230 S. Coach Rd., Palos Heights, IL 60463,<br><br>*Plaintiff,*<br><br>vs.<br><br>**FEDERAL BUREAU OF INVESTIGATION,** 935 Pennsylvania Ave. NW, Washington, DC 20535,<br><br>*Defendant.* | CASE NO.: __25-2543_____<br><br><br>CIVIL ACTION<br><br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS** |

### PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND, IN THE ALTERNATIVE, PETITION FOR WRIT OF MANDAMUS

Plaintiff Halil Demir ("Plaintiff Demir" or "Mr. Demir"), by and through undersigned counsel, files this Complaint for Declaratory and Injunctive Relief and, in the alternative, Petition for Writ of Mandamus against Defendant the Federal Bureau of Investigation ("FBI"). Plaintiff Demir presents the following claims for relief and supporting factual background:

1

## I.  INTRODUCTION

Plaintiff Demir seeks a declaration from this Court, finding the actions of Defendant FBI violate the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), *id.* §§ 551-559. Plaintiff Demir asks this Court to enjoin Defendant FBI from continuing to withhold responsive records in violation of FOIA and the APA. In the alternative, Plaintiff Demir seeks a Writ of Mandamus from this Court, ordering Defendant FBI to comply with all applicable FOIA and APA requirements.

## II.  PARTIES

1. Plaintiff Demir is a U.S. citizen by naturalization and a resident of Palos Heights, Illinois. Plaintiff Demir is the Executive Director of the Zakat Foundation of America ("Zakat Foundation"). Through counsel, Plaintiff Demir submitted two FOIA requests to Defendant FBI.

2. Defendant FBI is a federal agency subject to FOIA and has custody and control of the records that are the subject of this action. 5 U.S.C. § 552(f)(1).

## III.  JURISDICTION AND VENUE

3. FOIA grants this Court both subject matter jurisdiction over this action and personal jurisdiction over the parties. 5 U.S.C. § 552(a)(4)(B).

4. This Court possesses federal question jurisdiction under 28 U.S.C. § 1331, mandamus jurisdiction under 28 U.S.C. § 1361, jurisdiction under the APA, 5 U.S.C. §§ 555(b) and 706(b), and the Declaratory Judgment Act, 28 U.S.C. § 2201.

5. Venue is appropriate in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which states in relevant part that "the district court of the United States … in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records[.]"

## IV.    STATEMENT OF FACTS

6. Plaintiff Demir alleges and incorporates all numbered paragraphs above.

7. FOIA requires federal agencies to respond to statutorily adequate requests for agency records.

8. Defendant FBI promulgates rules and regulations for individuals to request agency records.[1]

9. Plaintiff Demir submitted his first request to Defendant FBI on February 15, 2022, through Defendant FBI's eFOIPA portal.

10. Plaintiff Demir's FOIA request sought records about himself held by Defendant FBI in its databases and records of communications between Defendant FBI and other federal agencies about Plaintiff Demir.[2]

11. On March 3, 2022, Defendant FBI responded to Plaintiff Demir's request through a letter to the undersigned counsel, informing Plaintiff Demir it would not release the requested records.

12. Relying on FOIA Exemption 7(A), Defendant FBI averred that the requested records were part of an investigative file and, therefore, exempt from disclosure because the release of those records "could reasonably be expected to interfere with enforcement proceedings."

13. Plaintiff Demir has never been charged with any crime, nor, to his knowledge, has any law enforcement agency investigated him for any crime.

14. Plaintiff Demir has not committed any crimes or acts of violence.

15. On May 25, 2022, in light of Defendant FBI's response to his request, Plaintiff Demir filed an administrative appeal with the Department of Justice's Office of Information Policy ("OIP"), which handles FBI FOIA appeals.

---

[1] FED. BUREAU OF INVESTIGATION, *Freedom of Information/Privacy Act*, HOW WE CAN HELP YOU, https://www.fbi.gov/services/information-management/foipa (last visited June 1, 2023).
[2] *See* Exhibit A.

16. Plaintiff Demir's administrative appeal challenged Defendant FBI's use of Exemption 7(A) to withhold responsive records and the adequacy of Defendant FBI's search for responsive records.

17. On June 7, 2022, OIP confirmed receipt of the appeal.

18. On July 21, 2022, OIP notified Plaintiff Demir via letter affirming Defendant FBI's determination to withhold responsive records under Exemption 7(A).

19. On October 18, 2022, Plaintiff Demir submitted a second FOIA request to Defendant FBI through eFOIPA.

20. Plaintiff Demir sought expedited processing of this request due to the ongoing harm and deprivation of due process rights he faces each time he travels.[3]

21. Plaintiff Demir's second request sought records held by Defendant FBI about himself and about Defendant FBI's contacts with other individuals and federal agencies about Plaintiff Demir.

22. On October 25, 2022, Defendant FBI acknowledged receipt of Plaintiff Demir's request and assigned it a tracking number.

23. On November 8, 2022, Defendant FBI informed Plaintiff Demir that it would again withhold responsive records according to FOIA Exemption 7(A) because of a purported "pending or prospective law enforcement proceeding relevant to these responsive records."

24. On February 6, 2023, Plaintiff Demir again administratively appealed Defendant FBI's determination, challenging the adequacy of the search and the Agency's decision to withhold responsive records under Exemption 7(A).

---

[3] Plaintiff Demir separately and independently filed complaints with DHS TRIP, each of which afforded him no relief. He then filed a separate lawsuit about his travel difficulties, which remains pending. *See Demir v. Mayorkas, et al.*, Case No. 1:22-cv-07209 (filed N.D. Ill. Dec. 22, 2022). That lawsuit does not duplicate Plaintiff Demir's claims in this matter.

25. On March 1, 2023, Department of Justice OIP again affirmed Defendant FBI's decision to entirely deny Plaintiff Demir's request for records "based on a pending investigation."

26. Plaintiff Demir has exhausted all available administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## V.     CAUSES OF ACTION

**Count I: Violation of FOIA – Wrongful Withholding of Non-Exempt Records**

27. Plaintiff Demir alleges and incorporates by reference all numbered paragraphs above.

28. Upon information and belief, Defendant FBI possesses and controls records responsive to Plaintiff Demir's requests.

29. Defendant FBI must release all responsive, non-exempt records to Plaintiff Demir.

30. Agencies subject to FOIA and its requirements bear the burden to provide sufficient justification for all withholdings with specific references to FOIA's applicable exemptions.

31. Agencies subject to FOIA and its requirements must provide all reasonably segregable portions of otherwise exempt records.

32. Defendant FBI unlawfully withheld responsive records.

33. Defendant FBI fails to justify its withholding of responsive records under FOIA Exemption 7(A).

34. Defendant FBI fails to demonstrate that it has conducted an adequate search for responsive records.

35. Plaintiff Demir exhausted all applicable administrative remedies available under FOIA by utilizing the OIP administrative appeals mechanism.

36. Plaintiff Demir is entitled to declaratory and injunctive relief and an order instructing Defendant FBI to justify its withholding of any responsive records under Exemption 7(A), complete a statutorily adequate search, and enjoin Defendant FBI from withholding non-exempt records.

### Count II: Violation of FOIA – Unlawful Policy and Practice

37. Plaintiff Demir alleges and incorporates by reference all numbered paragraphs above.

38. Upon information and belief, Defendant FBI's actions regularly violate FOIA's procedural requirements by consistently and excessively withholding responsive records under FOIA Exemption 7(A)'s guise.

39. Defendant FBI twice withheld all responsive records from Plaintiff Demir, citing Exemption 7(A) and an ongoing investigation, without sufficiently demonstrating any investigation exists.

40. Plaintiff Demir cannot obtain the requested records from another source since Defendant FBI controls the databases where he reasonably believes the records exist.

41. Plaintiff Demir continues to suffer injuries directly from Defendant FBI's unlawful policies and practices.

42. Defendant FBI's actions will continue to harm Plaintiff Demir unless this Court orders Defendant FBI to follow FOIA's procedural requirements.

### Count III: Violation of the APA – Agency Action Unlawfully Withheld

43. Plaintiff Demir alleges and incorporates by reference all numbered paragraphs above.

44. Defendant FBI is a federal agency subject to the requirements of FOIA, including its provision requiring Defendant FBI to produce all non-exempt, responsive records and to conduct an adequate search for records.

45. Defendant FBI failed to produce all non-exempt, responsive records and conduct an adequate search.

46. Defendant FBI failed to make the requested records available to Plaintiff Demir, constituting agency action wrongfully withheld or unreasonably delayed. 5 U.S.C. § 706(1).

47. Defendant FBI's failure to produce all non-exempt, responsive records and conduct an adequate search adversely affects, aggrieves, and injures Plaintiff Demir.

48. By failing to fulfill its obligations under FOIA, Defendant FBI frustrates Plaintiff Demir's ability to obtain these records about himself.

49. Plaintiff Demir twice timely submitted administrative appeals. The OIP inappropriately affirmed Defendant FBI's decisions to withhold all non-exempt, responsive records.

50. Plaintiff Demir is entitled to declaratory and injunctive relief compelling Defendant FBI to fully respond to Plaintiff Demir's request for records and enjoining Defendant FBI from improperly withholding records.

**Count IV: Petition for Writ of Mandamus**

51. Plaintiff Demir alleges and incorporates all numbered paragraphs above.

52. A petition for writ of mandamus is appropriate where a plaintiff demonstrates: (1) "a clear and indisputable right to relief," (2) the government defendant has "a clear duty to act," and (3) there is "no adequate alternative remedy" available to the plaintiff.[4]

53. Plaintiff Demir has a clear right under FOIA to request agency records.

54. Defendant FBI has a clear duty to make records promptly available. 5 U.S.C. § 552(a)(3)(A).

55. Defendant FBI must make reasonable efforts to search for records. 5 U.S.C. § 552(a)(3)(B).

56. Plaintiff Demir has no adequate alternative remedy remaining, as the administrative body that processes FBI FOIA appeals has inappropriately affirmed Defendant FBI's withholdings.

57. Therefore, Plaintiff Demir respectfully requests this Court grant his Petition for Writ of Mandamus and order Defendant FBI to comply with its obligations under FOIA.

---

[4] *Citizens for Responsibility & Ethics in Wash. v. Trump*, 924 F.3d 602, 606 (D.C. Cir. 2019).

**Count V: Declaratory Judgment Act**

58. Plaintiff Demir alleges and incorporates all numbered paragraphs above.

59. Plaintiff Demir respectfully requests this Court declare Defendant FBI's actions violate the above-listed statutes, pursuant to 28 U.S.C. §§ 2201-2202.[5]

**Count VI: Attorneys' Fees under FOIA or the Equal Access to Justice Act**

60. Plaintiff Demir alleges and incorporates all numbered paragraphs above.

61. FOIA permits courts to award reasonable attorneys' fees and costs if the plaintiff substantially prevails in the action. 5 U.S.C. § 552(a)(4)(E)(i).

62. Plaintiff Demir respectfully requests this Court him grant fees and costs if Plaintiff Demir substantially prevails under FOIA.

63. The Equal Access to Justice Act ("EAJA"), as amended 5 U.S.C. § 504 and 28 U.S.C. § 2412, provides for awarding costs and attorneys' fees to a prevailing party in litigation against the United States or one of its agencies.

64. To the extent this Court does not award fees under FOIA, Plaintiff Demir respectfully requests this Court grant him costs and fees as provided by the EAJA.[6]

---

[5] Plaintiff Demir recognizes that declaratory relief is not a freestanding cause of action and instead is a remedy available; for clarity, Plaintiff Demir includes this relief as an enumerated cause of action.

[6] Plaintiff Demir recognizes that a request for attorneys' fees is not a freestanding cause of action, nor can this Court determine the award before the conclusion of litigation. Plaintiff Demir includes this enumerated cause of action to clarify and preserve the request.

## VI. PRAYER FOR RELIEF

Plaintiff Demir prays for judgment in his favor and against Defendant FBI and respectfully requests this Court grant the following relief:

1. Declare that Defendant FBI's practice of inappropriately withholding records under Exemption 7(A) violates FOIA;

2. Enjoin Defendant FBI from withholding non-exempt records responsive to Plaintiff Demir's FOIA requests;

3. Enjoin Defendant FBI to conduct a statutorily adequate search for responsive records;

4. Issue a written finding that the circumstances surrounding the withholdings raise questions about whether agency personnel acted arbitrarily or capriciously concerning the withholding;

5. Declare that Defendant FBI's actions violate the APA;

6. In the alternative, grant Plaintiff Demir's Petition for Writ of Mandamus and compel Defendant FBI to fully and timely respond to Plaintiff Demir's request for records;

7. Retain jurisdiction during the processing of Plaintiff Demir's request to ensure compliance with this Court's orders;

8. Award Plaintiff Demir his costs and reasonable fees incurred in this action under FOIA or, in the alternative, the EAJA; and

9. Grant such other relief as the Court may deem just and proper.

Respectfully submitted this 30th day of August 2023.

/s/ *Christina A. Jump*
Christina A. Jump
(D.C. ID No. TX151)
Chelsea G. Glover
(D.C. ID No. TX0065)
Constitutional Law Center for Muslims in America
100 N. Central Expy. Suite 1010
Richardson, Texas 75080
Tel: (972) 914-2507; Fax: (972) 692-7454
cjump@clcma.org
cglover@clcma.org